[ECF No. 45]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **GREGORY L. FISHER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CAMDEN COUNTY CORRECTIONAL FACILITY, et al.,**<br><br>**Defendants.** | Case No. 21-13212 (RBK)(EAP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court by way of Plaintiff Gregory L. Fisher's Motion, ECF No. 45, seeking leave to file a Third Amended Complaint. The Court has received Defendants C.F.G. Health Systems, LLC and Dr. Robin Clemons's opposition letter, ECF No. 49, and Defendants County of Camden, Warden Karen Taylor, and Sergeant Tiffany Deangelis's opposition letter, ECF No. 50. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, Plaintiff's Motion to Amend is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff Gregory L. Fisher is a pretrial detainee currently confined at the Burlington County Detention Center ("BCDC").[1] ECF No. 44, Second Amended Complaint ("SAC"), ¶ 1. Previously, Plaintiff had been confined at the Camden County Correctional Facility ("CCCF").

---

[1] The Burlington County Detention Center is alternatively referred to as the "Burlington County Jail" in Plaintiff's Second Amended Complaint. *See* ECF No. 44, SAC ¶ 1.

*Id.* ¶ 8.  Defendant C.F.G. Health Systems, LLC ("C.F.G.") was allegedly responsible for the operation of the medical unit at the CCCF.  *Id*. ¶ 10.

According to Plaintiff's Second Amended Complaint, on November 2, 2020, while Plaintiff was confined at the CCCF, the facility's medical director, Defendant Dr. Robin Clemons ("Dr. Clemons"), allegedly discontinued Plaintiff's suboxone medication.  *Id*. ¶ 20.  Plaintiff alleges that he consequently suffered "withdrawal symptoms and cravings for opiates."  *Id*. ¶ 22.  Plaintiff alleges that he informed Defendant Sergeant Tiffany Deangelis ("Sergeant Deangelis") of his symptoms.  *Id*. ¶ 23.  Sergeant Deangelis allegedly told Plaintiff that Dr. Clemons would be renewing his suboxone prescription; however, Plaintiff's prescription was not restored.  *Id*. ¶¶ 26-27.  Plaintiff alleges that he made complaints and grievances about his medication to Defendant Warden Karen Taylor ("Warden Taylor") but did not receive a response.  *Id*. ¶¶ 28-31.  On March 9, 2021, Dr. Clemons allegedly offered Plaintiff sublocade, administered via a once-a-month injection, as a substitute for suboxone.  *Id*. ¶¶ 32-35.  Plaintiff alleges that he refused the sublocade because his outside physician had advised that suboxone strips or pills were "best for him."  *Id*. ¶ 37.  Dr. Clemons allegedly did not thereafter renew Plaintiff's suboxone prescription.  *Id*. ¶¶ 39-40.

Plaintiff alleges that Defendants' refusal to renew his suboxone prescription caused him pain and suffering.  *Id*. ¶ 41.  Plaintiff has asserted a 42 U.S.C. § 1983 denial of due process claim against Dr. Clemons (Count I); a related *Monell* claim against C.F.G. and Dr. Clemons (Count II); a supervisory denial of due process claim against Sergeant Deangelis and Warden Taylor (Count III); and a related *Monell* claim against Warden Taylor and the County of Camden (Count IV).  *Id.* ¶¶ 42-49.

**PROCEDURAL HISTORY**

On July 2, 2021, Plaintiff, initially proceeding *pro se*, filed his first Complaint in this action. ECF No. 1. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and issued an Order on May 20, 2022, that dismissed Plaintiff's Complaint in part but allowed the aforementioned claims to proceed. ECF No. 13. On August 23, 2022, Plaintiff's counsel entered an appearance in this action. ECF No. 26, Notice of Appearance. On November 22, 2022, the Court held an initial scheduling conference with the parties and issued a Scheduling Order. ECF No. 32. On January 4, 2023, Plaintiff filed a First Amended Complaint. ECF No. 36. On March 29, 2023, Plaintiff filed a Second Amended Complaint with the Defendants' consent. ECF No. 44, SAC.[2] The same day, Plaintiff filed a Motion for leave to file a Third Amended Complaint. ECF No. 45, Motion for Leave to File Third Amended Complaint ("Motion").

In his proposed Third Amended Complaint, Plaintiff seeks to assert new claims against additional Defendants based on events that occurred after Plaintiff was transferred from the CCCF to the Mercer County Correctional Center ("MCCC") on July 8, 2022. ECF No. 45-3, Third Amended Complaint ("TAC"), ¶ 43. According to his Third Amended Complaint, Plaintiff newly alleges that he suffers from chronic back and knee pain, along with potential lesions on his thyroid, liver, and lung. *Id*. ¶¶ 50-52. Plaintiff alleges that he was previously allowed to sleep on two mattresses at the MCCC to alleviate his back pain, but one of the mattresses was taken away on July 31, 2022. *Id*. ¶¶ 56-57. Plaintiff allegedly submitted medical slips to the MCCC's Medical Department requesting treatment for his conditions, and an outside person made phone calls to the Medical Department on Plaintiff's behalf. *Id*. ¶¶ 60-66. The Medical Department, however,

---

[2] The only change in the Second Amended Complaint was to correct the name of Defendant Sergeant Tiffany Deangelis. *See* SAC ¶ 6. On March 31, 2023, the Court subsequently entered an Order, ECF No. 47, granting Plaintiff's application to file the Second Amended Complaint.

allegedly ignored the medical slips and the phone calls. *Id*. ¶¶ 63, 67. On August 10, 2022, a nurse practitioner allegedly told Plaintiff that his second mattress was removed and that he "would not be receiving any further medical treatment" from the MCCC as retaliation for filing a lawsuit. *Id*. ¶¶ 71-76.

Plaintiff was transferred from the MCCC to Cooper Hospital and then to the Burlington County Detention Center ("BCDC") on August 16-18, 2022. *Id*. ¶ 78. Plaintiff alleges that the MCCC and Warden Charles Ellis ("Warden Ellis") deliberately refused to send Plaintiff's legal work, legal documents, and other property to the BCDC as retaliation for Plaintiff "pissing someone off" at the MCCC. *Id*. ¶¶ 78-82. The loss of his possessions allegedly prevented Plaintiff from preparing an adequate defense in his criminal case. *Id*. ¶¶ 86-87.

In his proposed Third Amended Complaint, Plaintiff seeks to add a § 1983 denial of due process claim against Warden Ellis for denial of medical treatment (Count V); a related *Monell* claim against Warden Ellis and the County of Mercer (Count VI); retaliation claims against Warden Ellis for denial of medical treatment and the removal of a second mattress (Counts VII, IX); related *Monell* claims against Warden Ellis and the County of Mercer (Counts VIII, X); a *Monell* denial of access to courts claim against Warden Ellis and the County of Mercer (Count XII); a retaliation claim against Warden Ellis for withholding legal work, legal documents, and other property (Count XIII); and a related *Monell* claim against Warden Ellis and the County of Mercer (Count XIV). *Id*. ¶¶ 98-136.

Plaintiff's counsel filed an affidavit in support of the Motion to Amend. ECF No. 45-2, Certification of Peter Kober, Esquire. Plaintiff's counsel notes that this action was initially filed *pro se*, and that he was retained as counsel on July 29, 2022. *Id*. ¶¶ 2-3. In the Summer and Fall of 2022, Plaintiff's counsel purportedly received a "running account" of Plaintiff's new allegations arising from his confinement at the MCCC and the BCDC. *Id*. ¶ 4. Plaintiff's counsel certifies

4

that the proposed Third Amended Complaint is a "good faith attempt" to conform "[P]laintiff's pleading to his account of events after his transfer on July 8, 2022[,] from Camden County Correctional Facility to Mercer County Correctional Center and then to Burlington County Detention Center." *Id*. ¶ 6. Plaintiff's counsel seeks to join the new claims to the existing complaint, rather than filing a new action, "to avoid being assessed a $400 filing fee." *Id*. ¶ 8.

On April 16, 2023, Defendants C.F.G. and Dr. Clemons (the "C.F.G. Defendants") filed an opposition letter to Plaintiff's Motion. ECF No. 49, Opposition to Motion to File Third Amended Complaint ("C.F.G. Defs.' Opp."). The C.F.G. Defendants argue that leave to amend should be denied because the Third Amended Complaint presents "no new allegations and no new claims against the existing defendants related to claims arising from the [CCCF]." *Id*. at 2. Also, the C.F.G. Defendants argue that avoiding a $400 fee "is not a basis to permit the filing of an unrelated pleading adding unrelated allegations and claims against unrelated parties." *Id*.

On April 21, 2023, Defendants County of Camden, Warden Taylor, and Sergeant Deangelis (the "County Defendants") filed a letter joining in the C.F.G. Defendants' opposition to Plaintiff's Motion. ECF No. 50, Letter from Howard L. Goldberg, Esq. ("Cnty. Defs.' Opp."). The County Defendants argue that adding "entirely unrelated" claims and parties to the case "who were uninvolved in the claims made in the Second Amended Complaint . . . will not advance judicial economy." *Id*. The County Defendants further argue that the amendment would "cause an unnecessary burden for the County defendants to have to incur the costs for travel and discovery on matters totally unrelated to the claims against them." *Id*.

Plaintiff did not file a reply brief.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial.[3] A party may amend its pleading once as a matter of course within either 21 days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019). However, the Court may deny a motion for leave to amend if (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motive; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.,* 769 F.3d 837, 849 (3d Cir. 2014). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

"Where a plaintiff seeks leave to amend a complaint to add new parties to the action, the Court must also consider the proposed amendment under Federal Rule of Civil Procedure 20(a)[,]" which governs permissive joinder of parties. *Yue v. Lor*, No. 20-5099, 2021 WL 1712279, at *2

---

[3] Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Therefore, "where the Court-ordered deadline for filing an amended pleading has passed, the party seeking to amend the pleading must first show 'good cause' to justify a modification of the scheduling order under Rule 16(b)(4)." *Duran v. Merline*, 923 F. Supp. 2d 702, 732 (D.N.J. 2013). Here, the deadline to file a motion to amend the pleadings or to join new parties was extended to April 3, 2023. *See* ECF No. 41, Am. Scheduling Order ¶ 2. Plaintiff filed the present Motion to Amend on March 29, 2023, before the April 3, 2023 deadline. Because the motion is timely, the Court need not address the "good cause" analysis and will solely evaluate Plaintiff's Motion under the Rule 15 standard.

(D.N.J. Apr. 29, 2021).  Rule 20(a)(2) states that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

"The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." *Rouse v. Starks*, No. 16-3422, 2018 WL 707943, at *5 (D.N.J. Feb. 2, 2018).  "However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Id*.  Also, "[a] district court may raise the issue of improper joinder *sua sponte*." *Alfred v. New Jersey*, No. 13-332, 2015 WL 4138882, at *2 (D.N.J. July 9, 2015).

In addition, Federal Rule of Civil Procedure 18 governs joinder of claims.  "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  "In a multi-defendant case, however, the propriety of joinder is most directly controlled by the Rule 20 limits on joinder of defendants." *Alfred*, 2015 WL 4138882, at *2; *see also* 7 Charles Alan Wright et al., Federal Practice & Procedure § 1655 (3d ed. 2023) ("Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.").  Here, because this is a multi-defendant case, and because Plaintiff seeks to bring his additional claims against newly joined Defendants, the Court's analysis will begin with Federal Rule of Civil Procedure 20.

## DISCUSSION

Although Defendants do not explicitly raise the issue of joinder of parties, they contend "that there are no new allegations and no new claims against the existing defendants related to claims arising from the [CCCF]." ECF No. 49, C.F.G. Defs.' Opp. at 2. Instead, "the new allegations involve defendants from and arise after Plaintiff Fisher had been transferred to the [MCCC]." *Id*. Plaintiff has not provided any arguments regarding the propriety of joinder.

In *Rouse v. Starks*, a prisoner moved to amend and supplement his complaint to add new claims against new defendants. 2018 WL 707943, at *4. The original complaint asserted § 1983 claims for conditions of confinement and retaliation. *Id*. at *5. The amended complaint added claims of false disciplinary proceedings and denial of visitation, medical care, and law library access. *Id*. These new claims were "wholly unrelated" to the claims in the plaintiff's original complaint and involved none of the same defendants. *Id*. As such, the court denied the plaintiff's motion to amend because the new defendants were improperly joined. *Id*.

Similarly, in *Alfred v. New Jersey*, a plaintiff initially alleged that she had been falsely arrested. 2015 WL 4138882, at *2. Then, the plaintiff moved to amend her complaint and add allegations that police officers had held her at gunpoint on a different occasion over a year later, and that someone had filed a false tort claim on her behalf. *Id*. The court concluded that the new allegations did not arise out of the same transaction or occurrence as the plaintiff's false arrest claim. *Id*. Therefore, the court denied the plaintiff's motion to amend on the basis of improper joinder pursuant to Rule 20(a)(2). *Id*.; *see also Kokinda v. Pa. Dep't of Corr.*, 663 F. App'x 156, 159 (3d Cir. 2016) (concluding that a plaintiff improperly joined claims where he was held at three separate prison institutions and different officials at each prison were alleged to have "independently violated his civil rights").

Here, Plaintiff seeks to join the County of Mercer and Warden Ellis as Defendants in this action through his proposed Third Amended Complaint. The Court will deny Plaintiff leave to amend because Plaintiff fails to properly join these new Defendants pursuant to Rule 20(a)(2)(A). Plaintiff's new allegations against the County of Mercer and Warden Ellis do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the allegations in Plaintiff's Second Amended Complaint, which relate only to being deprived of suboxone medication while he was confined at the CCCF. *See* Fed. R. Civ. P. 20(a)(2)(A). Instead, Plaintiff's claims against the County of Mercer and Warden Ellis arose after his transfer from the CCCF to the MCCC on July 8, 2022. *See* ECF No. 45-3, TAC ¶ 43. Plaintiff does not allege that the County of Mercer or Warden Ellis deprived him of suboxone or any opioid treatment. Indeed, Plaintiff makes entirely different allegations. Specifically, Plaintiff alleges that the new Defendants refused to provide medical care for his knee, back, and lesions; took away his second mattress; and failed to send his legal work, documents, and other property to the BCDC. *Id*. ¶¶ 48-88.

Moreover, Plaintiff does not allege that the existing Defendants are involved in any of Plaintiff's new claims in his proposed Third Amended Complaint. For example, Plaintiff does not contend that his new allegations are a continuation of a scheme that began during his confinement at the CCCF, or even that the Defendants at the different detention facilities had any contact with each other. As in *Rouse* and *Alfred*, Plaintiff's allegations in his Third Amended Complaint against the new Defendants are independent and wholly unrelated to the claims in his Second Amended Complaint, and Plaintiff offers no arguments to the contrary.[4] As stated in *Kokinda*, the fact that

---

[4] Indeed, Plaintiff's counsel's statement that the Third Amendment Complaint is an attempt "to avoid being assessed a $400 filing fee" seems to acknowledge that the Third Amended Complaint raises distinct allegations that could form the basis of a separate action. *See* ECF No. 45-2, Certification of Peter Kober, Esquire, ¶ 8.

Plaintiff was successively confined at the three detention facilities does not, by itself, make his allegations part of the same series of transactions or occurrences for the purpose of joining new Defendants. Because Plaintiff seeks to improperly join new Defendants, the Court denies him leave to file a Third Amended Complaint.[5]

## CONCLUSION AND ORDER

In conclusion, the claims against the County of Mercer and Warden Ellis in Plaintiff's proposed Third Amended Complaint do not arise out of the same transactions or occurrences as the claims against the original Defendants in his Second Amended Complaint.[6] Therefore, the County of Mercer and Warden Ellis would be improperly joined as Defendants pursuant to Federal Rule of Civil Procedure 20(a)(2). As such, the Court denies Plaintiff's Motion to Amend. If Plaintiff wishes to assert his new claims against the County of Mercer and Warden Ellis, he may file a separate action. Therefore,

**IT IS** this this **29th** day of **June 2023**;

**ORDERED** that Plaintiff Gregory L. Fisher's Motion for leave to file a Third Amended Complaint, ECF No. 45, is **DENIED**.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Robert B. Kugler, U.S.D.J.

---

[5] Because the Court decides this motion on the basis of improper joinder of parties, it need not reach the County Defendants' arguments under Rule 15 that the amendment would unduly prejudice them. *See* ECF No. 50, Cnty. Defs.' Opp.

[6] Accordingly, the Court does not need to address the second requirement for permissive joinder of parties, whether any question of law or fact common to all Defendants will arise in this action. *See* Fed. R. Civ. P. 20(a)(2)(B).